IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00285-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RICHARD ERIC SPEAR,

    Defendant.

## ORDER

This matter comes before the Court on defendant Richard Eric Spear's Motion for Amendment of the Magistrate's Order of Detention [Docket No. 42], wherein Mr. Spear seeks modification of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b) to permit his release pending trial. The United States has filed a response. Docket No. 44.

**I. Requirements for Detention Under the Bail Reform Act**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The government bears the burden of proof at a detention hearing. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and

convincing evidence. 18 U.S.C. § 3142(f)(2).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the danger to any person or the community if the defendant were released. 18 U.S.C. § 3142(g).

The indictment charges Mr. Spear with one count of possession with intent to distribute 40 grams and more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); four counts of possession with intent to distribute ketamine, MDMA, cocaine, and marijuana, respectively, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession of a firearm and/or ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Pursuant to 18 U.S.C. § 3142(e)(3)(A), the drug counts carry a rebuttable presumption of pretrial detention. In order to rebut this presumption, a defendant must produce some evidence that he will not flee or endanger the community if released. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Even if a defendant introduces evidence to rebut the presumption, a court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate. *Stricklin*, 932 F.2d at 1355.

Magistrate Judge Michael Hegarty held detention hearings on October 19 and October 21, 2020 as to Mr. Spear. Docket Nos. 26 and 30. Both sides made proffers

during the hearings. Docket Nos. 45 and 46. On October 21, 2020, the magistrate judge issued an Order of Detention, Docket No. 31, that found the presumption of detention had not been overcome because of the variety and amount of drugs (60 grams of fentanyl, 54 grams of ketamine, 1,704 grams of MDMA, 244 grams of cocaine, and 4,140 grams of marijuana) located in the defendant's bedroom and vehicle, the large amount of ammunition (5,000 rounds) in defendant's residence, and the quantity and types of firearms found in his bedroom and car. *Id*. at 4; Docket No. 1 at 4-5. The magistrate judge's conclusion was also supported by the large amount of cash on the defendant's person ($2,000) and in the defendant's residence ($63,000); the defendant's prior convictions for drug distribution; and the statement from a co-defendant that the defendant distributed drugs. Docket No. 31 at 4. The magistrate judge concluded that the government showed by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. *Id*. at 5.

The standard for the district court's review of a magistrate judge's detention order under § 3145(a) is de novo. *Cisneros*, 328 F.3d at 616 n.1. The Court may conduct such review by considering the evidence that the magistrate judge based his detention decision on and, in its discretion, by considering any additional proffers on appeal. *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

The defendant's motion for review is based on the following arguments: (a) the magistrate judge's Order of Detention refers exclusively to the safety of the community and neglects to make findings and conclusions regarding his likelihood of appearance if

3

released on bond; (b) there is no reason to believe that Mr. Spear will not appear for court given that he remained on bond in the state case for three and a half months without incidence before federal charges were filed; (c) defendant has only one serious prior felony, which occurred eleven years ago; (d) the defendant has not been charged with a crime of violence and the firearms at issue have not been used to make any threats or cause any violence; (e) and Mr. Spear has a close relationship with his parents and five siblings in Connecticut, had worked for the same company for the past 3-4 years, and was planning to start classes at American Trucking School Association to get his commercial driver's license.  Docket No. 42 at 2-4.  These arguments are addressed below.

### A.  Likelihood of Appearance

Mr. Spears argues that "an essential component" of an order of detention is a finding that no conditions would reasonably assure the person's appearance.  *Id*. at 2.  Thus, because the magistrate judge failed to make any findings or conclusions on this issue, but instead only focused on the safety of the community, Mr. Spears argues that the detention order is not supported.  However, Mr. Spears provides no authority for the proposition that, in order to detain a defendant, a judicial officer must find that the defendant is both a risk of flight and a danger to community.  Cases have held to the contrary.  *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992) ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required."); *United States v. Salerno*, 481 U.S. 739, 754-55 (1987) (a finding of

danger to the community alone is sufficient for a pretrial detention). Thus, although the defendant has provided evidence that he is not a risk of flight based on his track record on release before the federal charges were filed and based on his job history and family ties, he may still be detained if clear and convincing evidence shows that he is a danger to the community.

### B.  Defendant's Criminal History

Even though the defendant's felony convictions are eleven years old, they are for sale of a controlled substance and possession with intent to sell a controlled substance. Docket No. 39 at 3-4. The fact that these convictions involve essentially the same charges as the drug charges in this case, demonstrates that the defendant is a danger to the community if released based on the risk that he will continue to deal drugs. Statements to friends that he wants to change his life carry little weight when he is making a call he knows is recorded and based upon the amount of drugs and guns that the grand jury found probable cause that he possessed.

### C.  Firearms

The defendant argues that, although he is charged with possessing several firearms, he has not been charged with a crime of violence and the firearms have not been used to commit any threats or violence. Docket No. 42 at 3. It is true that the indictment does not charge the defendant with a crime of violence related to the firearms. However, even if the Court assumes that the defendant has not used such firearms to threaten anyone or to commit a crime of violence, the assumption does not mitigate the fact that a search discovered six firearms in the defendant's bedroom (four

5

of them loaded), two firearms in his car, and 5,000 rounds of ammunition. Docket No. 31 at 4. The indictment charges the defendant, among other things, with one count of being a felon in possession of firearms and ammunition and one count of possession of a firearm in furtherance of a drug trafficking crime. Docket No. 1 at 3-4. The defendant's possession of guns and ammunition in furtherance of drug trafficking weighs heavily in favor of detention and is a factor that the defendant fails to rebut.[1]

## II. Conclusion

Reviewing the evidence and proffers de novo, the Court agrees with the findings of the magistrate judge and agrees that there is no combination of conditions of release that will reasonably assure the safety of the community. While the defendant has met his burden of production, the presumption still weighs in favor of detention. The government has shown clear and convincing evidence that the defendant has been involved in trafficking different types of narcotics and also marijuana, which activity presents a danger to the community. The defendant's possession of a variety of firearms in furtherance of drug trafficking and possession of a large amount of ammunition also supports the conclusion that he would be a danger to the community if released.[2]

---

[1] The defendant also claims that the magistrate judge erred in determining that probable cause existed for the charges. Docket No. 42 at 4. However, the magistrate judge properly found probable cause based on the indictment itself. *See United States v. Silva*, 7 F.3d 1046, 1046 (10th Cir. 1993).

[2] The fact that Mr. Spear may be worried about the risk of COVID-19 infection while detained does not alter this conclusion.

Wherefore, it is

**ORDERED** that defendant's Motion for Amendment of the Magistrate's Order of Detention [Docket No. 42] is denied.

DATED December 23, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
