IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00285-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RICHARD ERIC SPEAR,

    Defendant.

## ORDER

This matter comes before the Court on defendant's Motion to Reconsider Detention [Docket No. 61], wherein defendant Richard Eric Spear seeks reconsideration of magistrate judge's detention order under 18 U.S.C. § 3145(b) and § 3142(f)(2)(B) to permit his release pending trial.  The United States has filed a response [Docket No. 71] and the defendant has filed a reply [Docket No. 72].

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The government bears the burden of proof at a detention hearing.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence.  18 U.S.C. § 3142(f)(2).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the danger to any person or the community if the defendant were released.  18 U.S.C. § 3142(g).

The indictment charges Mr. Spear with one count of possession with intent to distribute 40 grams and more of fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); four counts of possession with intent to distribute ketamine, MDMA, cocaine, and marijuana, respectively, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession of a firearm and/or ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I).  Therefore, pursuant to 18 U.S.C. § 3142(e)(3)(A), the drug counts carry a rebuttable presumption of pretrial detention.  In order to rebut this presumption, a defendant must produce some evidence that he will not flee or endanger the community if released.  *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).  Even if a defendant introduces evidence to rebut the presumption, the Court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate.  *Stricklin*, 932 F.2d at 1355.

Magistrate Judge Michael Hegarty held detention hearings on October 19 and October 21, 2020 as to Mr. Spear.  Docket Nos. 26 and 30.  Both sides made proffers during the hearings.  Docket Nos. 45 and 46.  On October 21, 2020, the magistrate

judge issued an Order of Detention, Docket No. 31, that found the presumption of detention had not been overcome because of the variety and amount of drugs (60 grams of fentanyl, 54 grams of ketamine, 1,704 grams of MDMA, 244 grams of cocaine, and 4,140 grams of marijuana) located in the defendant's bedroom and vehicle, the large amount of ammunition (5,000 rounds) in defendant's residence, and the quantity and types of firearms found in his bedroom and car. *Id*. at 4; Docket No. 1 at 4-5. The magistrate judge's conclusion was also supported by the large amount of cash on the defendant's person ($2,000) and in the defendant's residence ($63,000); the defendant's prior convictions for drug distribution; and the statement from a co-defendant that the defendant distributed drugs. Docket No. 31 at 4. The magistrate judge concluded that the government showed by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community. *Id*. at 5.

The standard for the district court's review of a magistrate judge's detention order under § 3145(a) is de novo. *Cisneros*, 328 F.3d at 616 n.1. The Court may conduct such review by considering the evidence that the magistrate judge based his detention decision on and, in its discretion, by considering any additional proffers on appeal. *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

On November 25, 2020, Mr. Spear filed a motion pursuant to 18 U.S.C. § 3145(b) to amend the detention order to allow defendant's release pending trial. Docket No. 42. The Court denied the motion. Docket No. 49. Although the defendant incorporates all of the arguments from his previous motion in his current motion seeking review of Judge Hegarty's detention order, the Court has already rejected those arguments, *id*., and

3

does so again for the same reasons.  The only new argument made in the defendant's current motion is based on an alleged violation of the defendant's Sixth Amendment right to counsel by the facility where Mr. Spear is housed, the Federal Detention Center - Englewood ("FDC").  Docket No. 61 at 2.  Specifically, defendant alleges that defense counsel has unsuccessfully attempted to schedule a telephone call with Mr. Spear on six different occasions over four separate days.  Defense counsel indicates his office has left numerous messages for Mr. Spear's case manager, Christopher Wilkerson, and left messages as well as emailed the scheduling receptionist, Amanda Vargas, without any response.  *Id*., ¶ 4.  Defendant also claims that FDC has discontinued in-person visits, further restricting defense counsel's ability to speak with Mr. Spear.  *Id*., ¶ 5.

In its response, the government states that FDC currently allows both legal calls and in-person visits.  Docket No. 71 at 2.  The government's response identifies the email address that defense counsel can use to schedule telephone calls with prisoners and the alternative method of contacting FDC staff members by telephone to arrange such calls.  *Id*.  Moreover, the government asked FDC to check the email account used for scheduling attorney calls and to check with staff members who arrange calls or in-person visits.  *Id*. at 3; Docket No. 71-1.  Such review showed one request by defense counsel's office for a legal visit on March 10, 2021 and the scheduling of a legal call on March 25, 2021.  Docket No. 71 at 3.  In his reply brief, Mr. Spear attaches a declaration from one of defense counsel's paralegals, indicating that she left many voicemail messages and made many attempts to schedule a legal call with Mr. Spear between March 2 and March 5, 2021.  Docket No. 72-1.

The Court does not need to resolve the factual dispute over defense counsel's

4

attempts to contact Mr. Spear in order to decide the motion. On nearly a weekly basis, the Court conducts change of plea hearings and sentencing hearings involving defendants being detained at FDC. In each of these hearings, the Court asks the defendant whether he has talked to his attorney about conducting the hearing by video teleconference. And in every instance the defendant indicates that he has. Moreover, while there were some complaints from defense counsel at early stages of the pandemic regarding scheduling difficulties regarding legal calls, those issues have not been a subject of complaint for many months. Nor is there any reason to believe, based on the briefing, that Mr. Spear or his counsel have been subjected to purposeful scheduling difficulties. Perhaps various coincidences or mis-communications occurred that frustrated counsel's ability in early March to schedule a telephone call. However, that difficulty appears to have been surmounted given that Mr. Spear was able to set up a call in late March. The Court finds no pandemic-related policy of FDC that unduly or unreasonably restricts Mr. Spear's Sixth Amendment right to counsel or that constitutes a change in circumstance justifying his pretrial release.

Wherefore, it is

**ORDERED** that defendant's Motion to Reconsider Detention [Docket No. 61] is denied.

DATED April 8, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge